## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KENNETH L. WALLER,
ADC #103829                                                          PLAINTIFF

V.                              5:13CV00030 JLH/JTR

LORIE A. TAYLOR; and
RANDY BUDNIK;
Disciplinary Hearing Officers,
Arkansas Department of Correction                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Kenneth L. Waller, is a prisoner in the Grimes Unit of the Arkansas

Department of Correction ("ADC").  In this *pro se* § 1983 action, he alleges that

Defendants have violated his constitutional rights.  *See* Doc. #2. Pursuant to the

screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff contends that, in December of 2012, Defendants Lorie Taylor and Randy Budnik violated his due process rights, as well as ADC internal rules, when they found him guilty of a disciplinary charge.  *See* Doc. #2.  As a result of that disciplinary conviction, Plaintiff spent thirty days in punitive isolation and was reduced in class.  *Id.*

A prisoner may only maintain a due process challenge to a disciplinary proceeding if he is deemed to have a liberty interest at stake.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).  It is well settled that a prisoner does *not* a liberty interest in maintaining a particular classification level.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).  When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

*Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion).

Similarly, in *Sandin* and its progeny, courts have held that a prisoner does *not* have a liberty interest arising from being placed in punitive isolation for a relatively short time. *See Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Thus, Plaintiff did not have a liberty interest in avoiding placement in punitive isolation for thirty days.

Finally, it is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Thus, even if the disciplinary he received and his subsequent conviction were contrary to the ADC internal rules, it is not cognizable under § 1983.

Accordingly, as a matter of law, Plaintiff's due process claims are without merit and the Complaint should be dismissed, with prejudice, because it fails to state a claim for relief.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

2.      Dismissal of this action constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3.      Plaintiff's Motions for Copies (Docs. #4 and #5) be DENIED, AS MOOT.

4.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 14th day of March, 2013.


_____
UNITED STATES MAGISTRATE JUDGE